**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUSHUN PIAO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-70588<br><br>Agency No. A098-131-038<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Yushun Piao, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004). We review de novo claims of due process violations. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies between Piao's testimony and her supporting medical documentation regarding whether she received treatment in China due to complications related to an abortion, or whether she received treatment for the removal of a tumor. *See Li*, 378 F.3d. at 962 (adverse credibility determinations supported by specific, cogent reasons that go to the heart of the claim will be upheld). The agency was not compelled to accept Piao's explanation for the discrepancy, especially where the explanation led to additional inconsistencies regarding the issuance and receipt of her Chinese medical document. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept petitioner's explanation). Substantial evidence also supports the agency's finding that the U.S. doctor's letter did not rehabilitate her testimony. *See Li*, 378 F.3d at 962. Further, the agency did not abuse its discretion in denying Piao an additional

12-70588

continuance. *See Ahmed*, 569 F.3d at 1012 (setting out factors to consider). In the absence of credible testimony, Piao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Piao's due process claims fail because the BIA did not base its adverse credibility determination on differences between the original asylum application and amendments, and because Piao did not show prejudice from any alleged problems with translation at the hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim); *Acewicz v. INS*, 984 F.2d 1056, 1063 (9th Cir. 1993) (rejecting due process claim where petitioners failed to demonstrate how inadequate translation prevented them from presenting relevant evidence, or that better translation would have made a difference in the outcome of the hearing).

Finally, because Piao's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not she will be tortured if returned to China, her CAT claim also fails. *Id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**